FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

03 DEC -4 PM 3: 34

*[signature]*

CLERK LAS CRUCES

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**RITA GARCIA,**

      **Plaintiff,**

**vs.**                                                    **No. CIV 02-0967 RB/LAM**

**NEW MEXICO DEPARTMENT OF
LABOR, STATE OF NEW MEXICO,
HUMAN RIGHTS DIVISION,**

      **Defendants.**

### <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment (Doc. 18), filed April 16, 2003. Jurisdiction arises over the Complaint under 42 U.S.C. § 2000e-5(f)(3) and § 12101-122213 et. seq. Having reviewed the submissions of the parties and the relevant law, the Court finds that the motion should be granted in part and denied in part.

### I. Historical and Factual Background.

Rita Garcia (hereinafter "Ms. Garcia") filed her complaint for discrimination due to a disability, gender discrimination, sexual harassment, breach of contract, breach of implied covenant of good faith and fair dealings, and retaliation on August 6, 2002, alleging claims under Title VII of the Civil Rights Act of 1964, as amended in 1978, The Civil Rights Act of 1991, 42 U.S.C. § 2000e-5(f)(3), and The Americans With Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12101-122213 et. seq. against the State of New Mexico Department of Labor Human Rights Division (hereinafter "the DOL"). Ms. Garcia was employed by the DOL as a Staff Development Specialist. (Compl. ¶ 4) She alleges that on her first day of employment she informed Mr. Lopez, her immediate supervisor, of her disability and the possible need for accommodations. *Id.* ¶ 10. Ms.



Garcia contends that Mr. Lopez never informed his supervisor, Mr. Galaz, of her disability. *Id.* ¶ 11.

Ms. Garcia claims that she suffered harassment and disparate treatment by Mr. Lopez. Specifically, Ms. Garcia alleges on one occasion when she returned to work after being out sick, Mr. Lopez asked if she had returned from another "wild weekend." *Id.* ¶ 12. On another occasion, Ms. Garcia noticed her name and "10 minutes late" were written on Mr. Lopez's calendar. *Id.* ¶ 14.

Ms. Garcia alleges Mr. Galaz did not take any corrective action after she informed him about the harassment. *Id.* ¶ 18. Ms. Garcia began to experience severe migraine headaches as a result of the alleged harassment. *Id.* On August 25, 1999, Ms. Garcia requested medical leave under the Family Medical Leave Act due to intolerable working conditions. *Id.* ¶ 26. Ms. Garcia alleges that Mr. Galaz promised that her position would be there when she was ready to return. *Id.* ¶ 26. Ms. Garcia was later terminated. *Id.* ¶ 28.

On August 27, 2002, the DOL answered and asserted affirmative defenses. The DOL claims: (1) Ms. Garcia has failed to state a claim upon which relief may be granted, (2) Ms. Garcia is barred by the doctrine of collateral estoppel, (3) Ms. Garcia is not disabled for purposes of invoking the protections of the Americans With Disabilities Act, (4) Ms. Garcia was terminated for a legitimate reason, (5) Ms. Garcia's state law claims are barred by the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution, (6) Ms. Garcia's breach of contract claim is not based upon a valid written contract required by NMSA 1978, § 37-1-23, (7) Ms. Garcia's breach of contract claim is barred by the statute of limitation, and (8) Ms. Garcia has failed to mitigate her damages.

## II. Summary Judgment Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV.

2

P. 56(c).   "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)).   When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party.   *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact.   *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).   "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"   *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).   The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case.   *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non-movant on an essential element of the non-movant's claim."   *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).   Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.   *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof.   *See Muñoz*, 221 F.3d at 1164.   It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts."   *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

3

An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* The district court may only consider admissible evidence submitted to defeat summary judgment. *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1203 n.1 (10th Cir. 2000); *Starr v. Pearle Vision, Inc.*, 54 F.3d 1548, 1555 (10th Cir. 1995).

**III. Analysis.**

      **A.    Whether Summary Judgment is Appropriate on Ms. Garcia's ADA Claim?**

      The DOL argues that Ms. Garcia has failed to state a claim upon which relief can be granted with regards to her ADA claim.  (Def.'s Mot for Summ. J. 8)  To establish a prima facie case of discrimination under ADA, Ms. Garcia must show (1) that she is disabled within the meaning of ADA; (2) that she is qualified, with or without reasonable accommodation, to perform essential functions of the job held or desired; and (3) that she was discriminated against because of her disability.  Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq., *Davidson v. America Online, Inc.*, 337 F.3d 1179 (10th Cir. 2003).  Ms. Garcia has alleged sufficient facts to make out a prima facie case of discrimination under ADA.  (Compl. ¶¶ 34, 39)

      The DOL also argues the doctrine of collateral estoppel bars Ms. Garcia's ADA claim. (Def.'s Mot for Summ. J. 8)  Federal courts must give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgment emerged.  28 U.S.C. §1738; *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982).  Federal courts seeking to determine the preclusive effect of a judgment must look to the preclusion

law of the state rendering the judgment. *Reed v. McKune*, 298 F.3d 946, 949 (10th Cir. 2002). The doctrine of collateral estoppel prevents a second litigation of the same issues between the same parties or those in privity with the same party. *Reed*, 298 F.3d at 950.

Under New Mexico law, the elements of collateral estoppel are: (1) the party to be estopped was a party or in privity with a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation. *Shovelin v. Central New Mexico Electric Cooperative, Inc.*, 115 N.M. 293, 297, 850 P.2d 996, 1000 (N.M. 1993).

The party invoking the doctrine of collateral estoppel has the initial burden of establishing a prima facie case of collateral estoppel. *Padilla v. Intel Corp.*, 125 N.M. 698, 701, 964 P.2d 862, 865 (N.M. Ct. App. 1998). If the prima facie case of collateral estoppel is established, the burden shifts to the party opposing collateral estoppel to show that he was not afforded a full and fair opportunity to litigate the issue in the prior proceeding.

The DOL argues the state district court has already made a factual determination that Ms. Garcia was not discriminated against because of her disability. (Def.'s Mot for Summ. J. 8) The DOL refers to the state district court matter styled *State of New Mexico v. Garcia*, CV 2000-2255, First Judicial District, State of New Mexico in support of this contention. A review of the state district court decision reveals the issue of whether Ms. Garcia was discriminated against because of her disability was never determined. (Def.'s Ex. A Findings of Facts ¶¶ 1-27) Therefore, the DOL has failed to establish a prima facie case of collateral estoppel.

The DOL also argues summary judgment is appropriate for Ms. Garcia's ADA claim because she failed to establish genuine issues of material fact for trial. In that Ms. Garcia disputes the DOL's

5

alleged undisputed facts numbered 2, 3, 5, 8, 11, 12, 13, 14, 15, 16, 17, 21, 27, and 30-38, summary judgment should be denied.

**B.     Whether Summary Judgment is Appropriate on Ms. Garcia's Claim for Unlawful Gender Discrimination and Violation of Title VII?**

To establish a prima facie case of gender discrimination, Ms. Garcia must show that: (1) she belonged to the protected class; (2) she suffered an *adverse employment action*; (3) she was qualified for the position of Staff Development Specialist; and (4) she was treated less favorably than her male counterparts. *See Rea v. Martin Marietta Corp.*, 29 F.3d 1450, 1454 (10th Cir. 1994) (emphasis supplied).   Ms. Garcia has alleged sufficient facts to establish a prima facie case of gender discrimination.   (Compl. ¶¶ 39-42)

The DOL contends Ms. Garcia has not suffered "adverse employment action" to give rise to a claim for unlawful gender discrimination. *Sanchez v. Denver Public Schools*, 164 F.3d 527 (10th Cir. 1998). Mere inconvenience or an alteration of job responsibilities does not constitute an adverse employment action for purposes of gender discrimination claims. *Id.* As discussed *supra*, this Court must examine the record and make all reasonable inferences in the light most favorable to Ms. Garcia. Construed in Ms. Garcia's favor, the facts alleged rise well beyond "adverse employment action" to constitute a valid gender discrimination claim. (Compl. ¶¶ 8-28)

Like Ms. Garcia's ADA claim, the DOL argues that Ms. Garcia's gender discrimination claim is barred by the doctrine of collateral estoppel. (Pl.'s Mem. in Opp'n to Summ. J. 11) Specifically, the DOL contends the issue of whether Ms. Garcia's termination was justified has already been decided.   The DOL cites *State of New Mexico v. Garcia*, findings of fact and conclusions of law in support of its argument.   Again the DOL has failed to establish a prima facie case of collateral estoppel. The issue of whether Ms. Garcia was treated less favorably than her male

counterpart was never determined. (Def.'s Ex. A)

### C.    Whether Summary Judgment is Appropriate on Ms. Garcia's Claim for Hostile Work Environment Sexual Harassment?

There are two principal theories of sexual harassment under Title VII, namely, quid pro quo discrimination and hostile work environment. *Eichenwald v. Krigel's, Inc.*, 908 F.Supp. 1531 (D. Kan. 1995). Ms. Garcia alleges the latter. To establish a prima facie case of hostile work environment sexual harassment under Title VII, Ms. Garcia must show that: (1) she is a member of a protected group; (2) the conduct in question was unwelcome; (3) harassment was based on sex; (4) harassment was sufficiently severe or pervasive to create an abusive working environment; and (5) some basis exists for imputing liability to the employer. *Id.* "Normal job stress does not constitute a hostile or abusive work environment." *Trujillo v. Univ. of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1214 (10th Cir. 1998). The DOL argues that the doctrine of collateral estoppel bars Ms. Garcia's claim for hostile work environment. Again, the DOL cites to *State of New Mexico v. Garcia*, findings of fact and conclusions of law in support of its argument. In the instant case, the DOL has established a prima facie case of collateral estoppel. The state district court made a factual determination that "there was no credible evidence the DOL harassed Ms. Garcia." (Def.'s Ex. A Findings of Facts ¶ 17). In that the issue of harassment is necessary to establish the third element of a prima facie claim for hostile work environment, Ms. Garcia is collaterally estopped from now bringing her hostile work environment claim.

### D.    Whether Summary Judgment is Appropriate on Ms. Garcia's Breach of Contract Claims?

The DOL argues that Ms. Garcia's complaint does not state a claim for breach of contract against the DOL. (Def.'s Mot. for Summ. J. 14) The DOL contends that in order for a contract to be enforceable against the state the contract has to be in writing. *Id.* Governmental entities are

typically granted immunity from actions based on verbal contracts. *See Garcia v. Middle Rio Grande Conservancy Dist.*, 121 N.M. 728 (N.M. 1996). In New Mexico, an employee handbook may constitute an acceptable implied employment contract. *Forrester v. Parker*, 93 N.M. 781 (N.M. 1980). Written representations, such as employee handbooks, oral representations in the conduct of the parties, or in a combination of representations and conduct, all may be considered to determine whether an implied contract exists. *Id.* However, where generic language merely serves as a declaration of the employer's general approach, it is not sufficient to establish an implied contract. *Sanchez v. New Mexican*, 106 N.M. 76 (N.M. 1987). Here, Ms. Garcia has failed to point to any specific language sufficient to establish a contract. As a result, the DOL has not breached an implied covenant of good faith and fair dealing. Accordingly, summary judgment in favor of the DOL is appropriate for Ms. Garcia's breach of contract claim.

## E.   Whether Summary Judgment is Appropriate on Ms. Garcia's Retaliation Claim?

To establish a prima facie case of retaliation, Ms. Garcia must show that: (1) she engaged in a protected activity; (2) she suffered adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *See Roberts v. Roadway Express, Inc.*, 149 F.3d 1098, 1103 (10th Cir.1998). The DOL argues that Ms. Garcia's retaliation claim is also barred by the doctrine of collateral estoppel. (Def.'s Br. in Supp. of Summ. J. 15) Similarly, the DOL has established a prima facie case of collateral estoppel. The issue of whether Ms. Garcia suffered adverse employment action was already determined in *State of New Mexico v. Garcia*. The state district court found, as a matter of law, the treatment Ms. Garcia received by the DOL resulted from her misconduct, not for engaging in a protected activity. (Def.'s Ex. A Conclusions of Law ¶ 16). Therefore, the doctrine of collateral estoppel bars Ms. Garcia's retaliation claim.

8

**IV. Conclusion.**

Summary judgment is not warranted for Ms. Garcia's ADA and Unlawful Gender Discrimination Claims. However, summary judgment is appropriate for Ms Garcia's Hostile Work Environment, Retaliation, and Contract Claims. Ms. Garcia's Hostile Work Environment and Retaliation claims are barred by the doctrine of collateral estoppel. Moreover, Ms. Garcia has not presented sufficient evidence to establish a contract claim against the DOL. Accordingly, the DOL's motion for summary judgment is hereby granted in part and denied in part.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 18), filed on April 16, 2003, is **GRANTED** as to Ms. Garcia's Hostile Work Environment, Retaliation and Contract Claims.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment as to Ms. Garcia's ADA and Unlawful Gender Discrimination Claims is **DENIED**.

**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**

9