IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RITA GARCIA,

        Plaintiff,

vs.                                                         No. CIV 02-0967 RB/LAM

NEW MEXICO DEPARTMENT
OF LABOR HUMAN RIGHTS DIVISION,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's Motion to Dismiss and for Summary Judgment (Doc. 56), filed on November 12, 2003, Plaintiff's Motion to Claim and Exercise Constitutional Rights (Doc. 54), filed on November 5, 2003, and Plaintiff's Motion to Set Aside Memorandum Opinion and Order, dated December 3, 2003, (Doc. 53), filed on November 5, 2003. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, I find that Defendant's motion should be granted and that Plaintiff's motions should be denied.

**I.   Background.**

      Plaintiff ("Garcia") was terminated from her employment as a Staff Development Specialist with the Human Rights Division of the New Mexico Department of Labor. Garcia appealed her termination to the New Mexico Personnel Board. The Administrative Law Judge found that Garcia had engaged in misconduct, but that the termination was not justified because Garcia had received a satisfactory job rating. Defendant appealed to the state district court, which reversed the personnel

board and upheld the termination.  On March 3, 2003, the New Mexico Court of Appeals affirmed the district court.

On August 2, 2002, Garcia filed the instant suit, alleging (1) termination of her employment in violation of Title I of the Americans with Disabilities Act ("ADA"); (2) disparate treatment based on gender in violation of Title VII of the Civil Rights Act ("Title VII"); (3) exposure to a hostile work environment in violation of Title VII; (4) breach of contract; (5) breach of an implied contract of good faith and fair dealing; and (6) retaliation (Count VI).

On April 16, 2003, Defendant filed its first motion for summary judgment on the grounds that prior state findings and conclusions precluded the claims in the federal case.  On December 4, 2003, I issued a Memorandum Opinion and Order and determined that summary judgment was appropriate on Counts 3, 4, 5, and 6.  However, I denied the motion with respect to Counts 1 and 2.  The case then proceeded to discovery on the remaining claims.  Plaintiff's counsel was permitted to withdraw on August 16, 2004.

## II.  Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'"  *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)).  When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party.  *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

## III.  Discussion.

### A.    Whether Count 1 should be dismissed.

In Count 1, Garcia asserts that she was terminated due to her disability, in violation of Title I of the ADA. Suits in federal court by state employees against a state to recover money damages under Title I of the ADA are barred by the Eleventh Amendment. *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U. S. 356, 360 (2001). Garcia is seeking money damages against the state under Title I of the ADA. This claim is barred by the Eleventh Amendment as a matter of law. Count 1 will be dismissed pursuant to *Garrett*.

### B.    Whether Defendant is entitled to summary judgment on Count 2.

In Count 2, Garcia alleges that she was subjected to disparate treatment on the basis of her gender because her supervisor did not (1) document the tardiness of male employees; (2) require male employees to obtain written justification when working overtime; and (3) continually harass male

3

employees about mileage and overtime.  (Compl. ¶ 41.)  Garcia does not allege that her gender was a motivating factor in the decision to terminate her.

Title VII makes it unlawful for an employer to discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment on the basis of gender.  *See* 42 U.S.C. § 2000e-2(a)(1).  A plaintiff alleging discrimination in violation of Title VII may prove intentional discrimination through direct evidence, or through indirect evidence using the analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973).  Because there is rarely direct evidence of discrimination or retaliation, a plaintiff must often rely on indirect evidence.  *Annett v. Univ. of Kansas*, 371 F.3d 1233, 1237 (10th Cir. 2004).  In this case, Garcia relies on indirect evidence of discrimination.

A plaintiff relying on indirect evidence has the initial burden of establishing a prima facie case of discrimination or retaliation by a preponderance of the evidence.  *McDonnell Douglas*, 411 U.S. at 802-804.  If the plaintiff establishes a prima facie case, then the defendant must "articulate some legitimate, nondiscriminatory reason" for the challenged personnel action.  *Id*.  The plaintiff then bears the ultimate burden of demonstrating that the defendant's stated reason is a pretext for unlawful discrimination.  *Id*. at 804.

In order to establish a prima facie case of discrimination, a plaintiff must show (1) she belongs to a protected class, (2) she suffered an adverse employment action, (3) she was qualified for the position, and (4) she was treated less favorably than others not in the protected class.  *See Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 531 (10th Cir. 1998).  Defendants argue that Garcia has failed to show that she suffered an adverse employment action as a result of the gender discrimination, or that she was treated less favorably than her male colleagues.

The Supreme Court has defined an "adverse employment action" as one that "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). The Tenth Circuit has adopted this standard. *Aquilino v. Univ. of Kansas*, 268 F.3d 930, 934 (10th Cir. 2001). Although the Tenth Circuit liberally construes the term "adverse employment action," it does not extend to mere inconvenience or an alteration of job responsibilities. *Wells v. Colorado Dep't of Transp.*, 325 F.3d 1205, 1213 (10th Cir. 2003).

Monitoring an employee's phone calls, moving her desk, acting in a chilly manner towards the employee, refusing to investigate her complaints, and suggesting that the employee transfer do not qualify as adverse actions. *Heno v. Sprint/United Management Co.*, 208 F.3d 847, 857 (10th Cir. 2000). Likewise, unrealized threats and tense personal relationships do not rise to the level of actionable retaliation. *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1381 (10th Cir. 1994). Conduct is retaliatory only if it alters the employee's compensation, terms, conditions or privileges of employment or adversely affects her status as an employee. *Sanchez*, 164 F.3d at 533.

The incidents alleged by Garcia in support of Count 2 do not qualify as adverse employment actions as a matter of law. Garcia testified in her sworn statement that she saw her name and a notation "10 minutes late" on a calendar in Lopez's office. (Def. Ex. B.) Garcia did not notice any other entries in the calendar concerning the lateness of other employees. (*Id*.) Garcia acknowledged that Lopez did not take any action against Garcia with respect to her tardiness. (*Id*.) Lopez testified at the personnel board hearing that he overlooked Garcia's tardiness until it got to the point that she was coming in almost two hours late. (Def. Ex. C.) Richard Galaz, another supervisor, testified at

5

the personnel board hearing that Lopez did keep track of other employees' tardiness and warned them if they were late.  (Def. Ex. D.)

The overtime justification incident arose after Garcia held a training session that lasted until after regular business hours.  (Def. Ex. B.)  After she submitted a request for overtime for part of the session, Lopez told her she needed to obtain prior approval for overtime.  (*Id*.)  Galaz subsequently told Garcia that she did not need prior approval for overtime and Garcia was paid for the overtime.  (*Id*.)

Following a business trip to Fort Bayard, Lopez and Galaz questioned Garcia about discrepancies in her mileage on the state car that she had used on the trip.  (Def. Exs. A and B.)  Garcia admitted that she had taken unauthorized side trips and returned to Santa Fe via Las Cruces, rather than taking the more direct route.  (Def. Exs. B, F and H.)  Garcia was unable to explain all the discrepancies in her reports.  (Def. Ex. B.)  The hearing officer and the state district court found that Garcia violated state policies and lied about her use of the state car.  (Def. Exs. F and H.)

The monitoring and inconveniences alleged by Garcia do not qualify as adverse employment actions as a matter of law.  *See Sanchez*, 164 F.3d at 533; *Martinez v. Henderson*, 252 F. Supp.2d 1226, 1239 (D. N. M. 2002).  Garcia has failed to establish the second element of her prima facie case with respect to these minor inconveniences and petty grievances.  Moreover, Garcia has submitted no evidence tending to show that she was treated less favorably than her male colleagues.  Even if she had established a prima facie case, Defendant has come forward with valid business reasons for her termination.  The hearing officer and the state district court found that Garcia had engaged in misconduct and misrepresentations.  Garcia has come forward with no evidence that the stated reasons for the termination were pretextual.  Under these circumstances, Defendant's motion for

summary judgment should be granted.

**C.      Garcia's Motion to Claim and Exercise Constitutional Rights and a Motion to Set Aside Memorandum Opinion and Order dated December 3, 2003.**

Garcia requests an order acknowledging her constitutional rights and the court's duty to uphold the law.  This court acknowledges Garcia's constitutional rights and recognizes its duty to uphold the law in this case and in every case.  There is no need to issue an order restating the obvious.  Garcia offers no valid grounds in support of her motion to set aside the Memorandum Opinion and Order of December 3, 2003.  Garcia's motions should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Claim and Exercise Constitutional Rights (Doc. 54), filed on November 5, 2003, and Plaintiff's Motion to Set Aside Memorandum Opinion and Order dated December 3, 2003, (Doc. 53), filed on November 5, 2003, are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss and for Summary Judgment (Doc. 56), filed on November 12, 2003, is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**