IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RITA GARCIA,**

    **Plaintiff,**

vs.                                        No. CIV 02-0967 RB/LAM

**NEW MEXICO DEPARTMENT**
**OF LABOR HUMAN RIGHTS DIVISION,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Void Judgment (Doc. 75), filed on January 3, 2005. Jurisdiction is founded upon 28 U.S.C. § 1331. Having considered the submissions of the parties, relevant law, and being otherwise fully advised, I find that this motion should be denied.

Plaintiff ("Garcia") seeks relief from a judgment entered in this action on December 13, 2004. The judgment was based on a memorandum opinion and order that granted Defendant's motion to dismiss and for summary judgment. Garcia claims that the judgment is void under FED. R. CIV. P. 60(b)(4).

"On motion and upon such terms as are just, the court may relieve a party from . . . final judgment when . . . the judgment is void . . . ." Rule 60(b)(4). A judgment is void only if the court which rendered it lacked subject matter jurisdiction, personal jurisdiction over the parties, or acted in a manner inconsistent with due process of law. *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002). Setting aside a judgment on voidness grounds is narrowly restricted. *See* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2862 (1995).

Even an erroneous judgment is not a void judgment for Rule 60(b)(4) purposes. *Buck*, 281 F.3d at 1344.

In this case, the court clearly had federal question jurisdiction over the subject matter, as well as personal jurisdiction over the parties. The court did not act in violation of the due process of law because all of Garcia's claims and arguments were duly considered. Garcia merely disagrees with the December 13, 2004 Memorandum Opinion and Order. This is not a basis for Rule 60(b)(4) relief. *See* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2862 (1995). Because Garcia is not entitled to relief, the motion will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Void Judgment (Doc. 75), filed on January 3, 2005, is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**